

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2008

# Kuzdrowski v. Secretary Veterans

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4894

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kuzdrowski v. Secretary Veterans" (2008). *2008 Decisions*. Paper 689.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/689

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 06-4894

————————

MARY LOU KUZDROWSKI,
                                        Appellant

v.

R. JAMES NICHOLSON, SECRETARY OF THE
DEPARTMENT OF VETERANS AFFAIRS,

On Appeal from the United States District Court
for the Western District Of Pennsylvania
No. 04-cv-00991
District Judge: Honorable Joy Flowers Conti

Submitted Under Third Circuit LAR 34.1(a)
January 14, 2008

Before: FUENTES and JORDAN, Circuit Judges,
and RUFE*, District Judge.

(Filed: August 11, 2008)

_____

    *  Honorable Cynthia M. Rufe,  Judge of the United States District Court for the
    Eastern District of Pennsylvania, sitting by designation.

————————

RUFE, <u>District Judge</u>.

Mary Lou Kuzdrowski brought an action against her former employer, the Department of Veterans Affairs ("VA"), claiming age discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). The District Court granted summary judgment in favor of the VA on both claims. It dismissed Kuzdrowski's retaliation claim on a jurisdictional basis, ruling that Congress had not waived federal sovereign immunity for such claims under the ADEA by federal employees. Reaching the merits on Appellant's second claim, it ruled that Kuzdrowski had failed to establish a prima facie case of employment discrimination. After Kuzdrowski submitted this appeal from the District Court's final order, the matter was held C.A.V. pending the Supreme Court's decision in *Gomez-Perez v. Potter*, 533 U.S. ____, 128 S. Ct. 1931 (2008), in which the Supreme Court held that the ADEA authorizes federal employee retaliation claim. In light of that decision, we will vacate the District Court's order with respect to Kuzdrowski's retaliation claims and remand for further proceedings under *Gomez-Perez*. We will, however, affirm the District Court's ruling with respect to Kuzdrowski's employment discrimination claim.

I.

Because the parties are familiar with the record, we recite only those facts necessary to understand our decision. Appellant Kuzdrowski was born on December 1,

1950.  She worked as a staff nurse in the acute care unit of the Butler VA Medical Center ("Butler VA") at all times relevant to this litigation.  Four levels of the Nurse position existed at the Butler VA during the relevant time period, Nurse I, II, III and IV.

Three nurses at the Butler VA were considered for promotion, and promoted, from Nurse II to Nurse III in 2001 and 2002.  They were Shelly Divers, who was forty-eight at the time of promotion, Nancy Culley, also forty-eight at the time of promotion, and Bonnie Warren, whose age at the time of promotion was not established.  Final authority to promote Divers, Culley and Warren rested with Butler VA director Mike Finnegan or associate director Rick Cotter.[1]

In August 2003, at fifty-two years of age, Kuzdrowski was considered for promotion from Nurse II to Nurse III, along with fifteen other Butler VA nurses.  Eleven of these nurses were younger than Kuzdrowski, some by as many as twenty-two years.  Final authority regarding the promotion rested with acting director of the Butler VA, Terry Gerigk.  Including Kuzdrowski, not one of the sixteen nurses considered for promotion from Nurse II to Nurse III in August 2003 received the promotion.

In September 2003, Kuzdrowski filed a formal complaint with the EEOC alleging that her non-promotion from Nurse II to Nurse III constituted discrimination on the basis of age, as well as reprisal.  The September 2003 reprisal claim is separate and distinct from the retaliation claims at issue in this action, and is not relevant here.  For the

---

[1] The Court refers to Mr. Finnegan, Mr. Cotter, and the subsequent Butler VA acting director Ms. Gerigk by their nicknames, as it has been unable to find their formal given names in the briefs or record.

sake of clarity, we note that the alleged basis for Kuzdrowski's ADEA retaliation claim in this case is harassing treatment she received from supervisors at the Butler VA after filing her September 2003 EEOC complaint. Because of the nature of our disposition of Kuzdrowski's appeal with respect to her retaliation claim, we decline to review the particular allegations underlying that claim now.

Kuzdrowski filed suit in the District Court in July 2004, asserting claims of age discrimination in promotion and retaliation in violation of the ADEA. The VA moved for summary judgment as to both claims. The District Court granted the motion, ruling that it had no jurisdiction to adjudicate Kuzdrowski's retaliation claim because sovereign immunity barred such claims by federal employees, and ruling as a matter of law that Kuzdrowski had failed to establish a prima facie claim of age discrimination because she had not identified any similarly situated younger employees who were treated more favorably than she in the relevant promotion context. This appeal followed.

II.

We have jurisdiction to hear Kuzdrowski's appeal pursuant to 28 U.S.C. § 1291.

Our review of a grant of summary judgment is plenary. *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 299 (3d Cir. 2004). We apply the same test as the District Court, and will affirm its ruling if, viewing the evidence in the light most favorable to the nonmovant, we find that there is no genuine issue of material fact and the

-4-

movant is entitled to judgment as a matter of law. *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 841 (3d Cir. 1992). The movant may establish that summary judgment is appropriate by showing that the nonmovant has failed to adduce evidence sufficient to make out an essential element of her case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

III.

In this matter, Kuzdrowski has attempted to sustain her claim of age discrimination under the ADEA through a failure to promote without direct evidence of discrimination. As such, she is constrained to present circumstantial evidence that satisfies the burden shifting analysis set forth in *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973). In the first step of the analysis, Kuzdrowski has the burden to establish a prima facie case of age discrimination through a failure to promote. If she is unable to do so, the VA is entitled to judgment as a matter of law. *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 352 n.4 (3d Cir. 1999).

The District Court assumed Kuzdrowski had established the first three elements of the prima facie case of age discrimination through a failure to promote – that is, she belongs to the class protected under the ADEA, she applied for and was qualified for the promotion, and despite her qualifications, she was rejected. *See, e.g., Barber v. CSX Distribution Servs.*, 68 F.3d 694, 698 (3d Cir. 1995). However, the District Court found that Kuzdrowski had failed to make out the final element of the prima facie case,

which requires a showing that the refusal to promote occurred under circumstances which give rise to an inference of age discrimination. *See, e.g., Pivirotto*, 191 F.3d at 356-57. "We have repeatedly emphasized that the requirements of the prima facie case are flexible" and must be evaluated in light of the circumstances of the case before the court. *Id.* at 357. This applies with particular force to the fourth element of the prima facie case of discrimination. *Id.*

The District Court rejected as insufficient the one piece of evidence advanced by Kuzdrowski to establish the fourth element of the prima facie discrimination case – the promotions of Divers, Culley and Warren from Nurse II to Nurse III in 2001 and 2002 – finding that Kuzdrowski was not similarly situated to these individuals as a matter of law. The grounds for this ruling were twofold. First, Kuzdrowski was considered for promotion over one year after the identified nurses were considered and promoted. Second, the ultimate decision not to promote Kuzdrowski was made by acting director Terry Gerigk, while the final authority to promote Divers, Culley and Warren rested with Mike Finnegan or Rick Cotter. Finding inadequate the only evidence set forth by Kuzdrowski to show circumstances giving rise to an inference of discrimination, the District Court ruled that Kuzdrowski had failed to establish a prima facie case of employment discrimination and granted the VA summary judgment on that claim.

For the reasons identified by the District Court, we agree that Kuzdrowski has failed to make out a prima facie case of age discrimination, and will affirm. The

District Court properly determined that the promotions of Divers, Culley and Warren by a former supervisor in 2001 and 2002 could not, without more, give rise to an inference of discrimination in the refusal of acting director Terry Gerigk to promote Kuzdrowski in August 2003. The District Court also determined that of the employees who were similarly situated to Kuzdrowski – the fifteen nurses considered for the same promotion as she, at the same time and by the same supervisor, none of whom was promoted – none was treated more favorably or in any manner that would give rise to an inference of discrimination in the failure to promote Kuzdrowski. Because nothing in the facts before it gave rise to an inference of age discrimination, the District Court properly found that Kuzdrowski failed to establish a prima facie case of discrimination in the VA's refusal to promote her. Accordingly, we will affirm its ruling as to that claim.

Further, as stated above, we will vacate and remand the matter as to Kuzdrowski's retaliation claim for further proceedings under *Gomez-Perez*, 533 U.S. ____, 128 S. Ct. 1931, as the VA itself agrees is necessary.